UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD WALKER,
        Plaintiff,

v.                                   Case No. 21-C-675

ALISON SCHONASKY,
        Defendant.

## ORDER

Plaintiff Ronald Walker, a Wisconsin state prisoner represented by counsel, filed this lawsuit under 42 U.S.C. § 1983. I screened the complaint and permitted the plaintiff to proceed on an Eighth Amendment claim. The defendant moves for summary judgment on the ground that the plaintiff failed to exhaust his available administrative remedies before bringing this lawsuit. ECF No. 12.

### I. BACKGROUND[1]

The plaintiff was a prisoner at Waupun Correctional Institution at the time of the alleged events. ECF No. 1, ¶ 1; ECF No. 15. I allowed him to proceed on an Eighth Amendment claim alleging that on February 20, 2021, Correctional Officer Alison

---

[1] Facts in this section are taken from the defendant's proposed findings of fact and declaration in support of her motion for summary judgment, ECF Nos. 14–15, the plaintiff's response materials, ECF Nos. 19–21, and the defendant's response to the plaintiff's proposed facts, ECF No. 24. I will consider the proposed facts only to the extent they are supported by evidence in the record, see Fed. R. Civ. P. 56(c)(1), and will consider arguments in the supporting memorandum only to the extent they properly refer to the facts, see Civil L. R. 56(b)(6). I deem admitted any supported facts that the plaintiff has not properly contested. See Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

Schonasky twice ignored him after he showed her a razorblade and said he was suicidal. ECF No. 14, ¶ 1; ECF No. 9 at 6–7.

On March 4, 2021, the plaintiff filed an inmate complaint about this issue. ECF No. 14, ¶ 2; ECF No. 15-2 at 8. He alleged that a correctional officer twice conducted a wellness check, he twice showed the officer that he had a razor, and twice the officer had the plaintiff wait while she retrieved an item (first gloves and then keys) to take the razor. ECF No. 15-2 at 8–9. He alleges that after being left unsupervised the second time, he used the razor to cut himself and had to be transferred to a hospital for treatment. *Id.* at 9. Unlike the complaint he filed in the court, however, the inmate complaint identifies the officer as "CO Simon." *Id.* at 8–9. He alleges that Officer Simon's actions "can be verified by" footage from a hallway camera and the officer's body-worn camera. *Id.* at 9.

An institutional complaint examiner received the plaintiff's inmate complaint on March 8, 2021, and rejected it on April 9, 2021. ECF No. 14, ¶ 3; ECF No. 15-2 at 2. The complaint examiner notes that Lieutenant Staniec reviewed Officer Simon's body-camera footage during the times the plaintiff mentioned in the complaint. ECF No. 15-2 at 2. The footage showed "no contact regarding the inmate having a razor between CO Simon and inmate Walker." *Id.* The complaint examiner rejected the complaint under Wis. Admin. Code § DOC 310.10(6)(d) because the plaintiff "does not provide sufficient information to support a complaint." *Id.*

On April 16, 2021, the plaintiff appealed the rejection of his complaint. *Id.* at 10. The appeal states, in full, "I am requesting for review of the rejected complaint simply because in my original complaint I did provide sufficient information to support my complaint." *Id.* Six days later, the Warden of the prison affirmed the rejection of the

complaint, concluding that the inmate complaint examiner appropriately rejected it "in accordance with DOC 310.10(6)." *Id.* at 5; ECF No. 14, ¶ 3.

The plaintiff does not dispute that he filed only one inmate complaint, the complaint was rejected, and the rejection was affirmed on appeal. But he submitted evidence showing that on March 7, 2021 (three days after filing his inmate complaint), he filed a request to preserve footage from Officer Simon's body camera from February 20, 2021. ECF No. 20, ¶¶ 12–13; ECF No. 20-1 at 16–17. The next day, the plaintiff received a response noting that Officer Simon "did not have it turned on." ECF No. 20-1 at 18. The plaintiff also asked to preserve the footage from the hallway camera, which footage was preserved. *Id.* at 20–21. The plaintiff insists that Lieutenant Staniec falsely told the inmate complaint examiner that he reviewed the body-camera footage, even though the plaintiff was later informed that footage does not exist. ECF No. 20, ¶ 20. He also asserts it was a conflict of interest for Lieutenant Staniec to review the footage because he was one of the officers who responded to the incident. *Id.*, ¶ 22.

The plaintiff notes that he did not learn until after filing his inmate complaint that Officer Simon's name is Schonasky. *Id.*, ¶¶ 26–27. But he also insists that, during his exhaustion period, "Schonasky was referenced to as C.O. Simon by her coworkers and Supervisors." *Id.*, ¶ 30. On April 12, 2021 (after his complaint was rejected but before he appealed), he asked to amend his complaint to identify the officer as Schonasky. *Id.*, ¶ 28; ECF No. 20-1 at 23. The inmate complaint examiner responded that the complaint "has already been addressed." ECF No. 20, ¶ 29; ECF No. 20-1 at 23.[2]

---

[2] The plaintiff also spends much of his response arguing the merits of his claim. ECF No. 22 at 10–13. But the defendant's brief, and this decision, address only whether the plaintiff exhausted his administrative remedies. I will consider the merits of the plaintiff's

## II. ANALYSIS

### A. Summary Judgment Standard

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

### B. Exhaustion

Under the Prison Litigation Reform Act (PLRA), an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve

---

claim in a later decision. *See Perez*, 182 F.3d at 536 (noting that where the defendant raises the issue of exhaustion, a district court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citing *Woodford*, 548 U.S. at 93). Because exhaustion is an affirmative defense, the defendant bears the burden of proving the plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Wisconsin has an established system to allow inmates to file complaints about the policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. *Id.* § DOC 310.05. The inmate must file an institutional complaint about the issue with the ICE within fourteen calendar days of the incident. *Id.* § DOC 310.07(2). Each complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.* § DOC 310.07(5)–(6). The inmate must appeal any adverse decision within fourteen days of the ICE's decision and await a final decision from the Office of the DOC Secretary. *Id.* §§ DOC 310.12 & 310.13. An inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief"; the complaint is sufficient so long as it "alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

## C. Discussion

It is undisputed that the plaintiff filed one inmate complaint about Officer Schonasky's alleged actions, the complaint was procedurally rejected, and the rejection was affirmed on appeal. The defendant asserts the plaintiff failed to exhaust his administrative remedies on this claim because, even though he grieved the issue, it was rejected for not providing sufficient information to support the complaint. She contends that because the grievance was rejected for failure to follow procedural requirements, and was not dismissed on its merits, the grievance does not exhaust the plaintiff's administrative remedies for this claim.

I recently addressed this same question in a similar prisoner case. In *Padilla v. Nelson*, No. 19-C-1081, 2021 WL 1192371 (E.D. Wis. Mar. 30, 2021), the inmate's complaint was rejected because it failed to provide sufficient supporting information (the same reason the complaint examiner rejected the plaintiff's inmate complaint here). *Id.* at *1–*2 (citing Wis. Admin. Code § DOC 310.10(6)(d)). The defendants asserted that procedural rejection rendered the inmate's administrative remedies unexhausted. *Id.* at *3. I reviewed cases from this District and the Western District of Wisconsin that concluded "an inmate complaint rejected for not containing sufficient information to support a complaint . . . does not exhaust administrative remedies." *Id.* at *4 (citing *McSwain v. Schrubbe*, No. 08-C-157, 2009 WL 728453, at *2 (E.D. Wis. Mar. 17, 2009); and *Jones v. Frank*, No. 07-CV-141, 2008 WL 4190322, at *2–*3 (W.D. Wis. Apr. 14, 2008)). Relying on those cases, I concluded that because the inmate's complaint "was not dismissed on its merits but was rejected for procedural reasons," his complaint did not satisfy the exhaustion requirement under the PLRA. *Id.*

Although the inmate complaint examiner rejected the plaintiff's inmate complaint for the same reason as in *Padilla*, the same conclusion is not appropriate here. The plaintiff's inmate complaint provided ample information about his claim. He gave the date and times of the incident, explained that the same officer twice left him unsupervised despite his statements that he had a razor he intended to use to cut himself, and even noted that footage from the hallway camera and the officer's body camera should support his assertions. The plaintiff later, but before his complaint was reviewed, asked the prison to preserve that camera footage. The plaintiff's complaint and actions to preserve the footage were more than adequate to "alert[] the prison to the nature of the wrong for which redress is sought." *Strong*, 297 F.3d at 650; *see Tyler v. Bett*, No. 03-C-0650-LA, 2005 WL 2428036, at *6 (E.D. Wis. Sept. 30, 2005) (citing *Strong* and explaining minimum requirements grievances must meet for exhaustion).

The inmate complaint examiner cited § DOC 310.10(6)(d) for her conclusion that the plaintiff did not provide sufficient information, but her decision functioned not as a procedural rejection but as a dismissal on the merits of the plaintiff's claim. The defendant effectively agrees with this point, noting in her reply that the plaintiff's complaint "was dismissed based on not enough information being given to support a claim, because the body worn camera footage . . . disproved the inmate complaint." ECF No. 24, ¶ 28. A decision that the plaintiff's inmate complaint is false is not the same as a decision that there is insufficient information to determine whether the complaint is false. The complaint examiner concluded the body camera footage proved the former, which shows the complaint provided "sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). That the inmate complaint examiner

7

Case 2:21-cv-00675-LA   Filed 12/06/21   Page 7 of 9   Document 25

knew to review the body camera footage, and knew precisely the time in the footage to review, further supports this conclusion.

The complaint also mentions the hallway camera footage, but the complaint examiner's report says nothing about that. It is unclear what other evidence the plaintiff could have provided to support his complaint. But even without supporting *evidence* for his claim, the plaintiff provided ample *information* about what he believed happened. If the prison required additional supporting evidence of every inmate complaint, and rejected those that failed to provide any, few inmates could ever exhaust administrative remedies. Neither Wisconsin's administrative rules nor the PLRA demands as much.

That the plaintiff misnamed Schonasky as Simon in his inmate complaint does not change this conclusion. "[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones*, 549 U.S. at 219. Moreover, the plaintiff swears that Schonasky's "coworkers and supervisors" referred to her by Simon during and after the February 20, 2021 incident. ECF No. 20, ¶ 30. Lieutenant Staniec is Schonasky's supervisor who reviewed the body camera footage. If, as the plaintiff says, Staniec knew Schonasky and Simon are the same person, then he would have known which body-camera footage to review. The defendant does not contest the plaintiff's assertion that Simon and Schonasky are the same person and, in fact, relies on it to support her argument that Staniec reviewed the correct footage. ECF No. 24, ¶ 28. Therefore, there was no need for the plaintiff to amend his complaint, which provided sufficient information about his claim regardless of the misidentification.[3]

---

[3] Because there are no unresolved questions of fact regarding the plaintiff's efforts to exhaust his administrative remedies, I need not conduct a hearing as described in *Pavey*,

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment on exhaustion grounds (ECF No. 12) is **DENIED**.

Because the defendant filed this motion in lieu of a responsive pleading, **IT IS FURTHER ORDERED** that the defendant must file a responsive pleading to the plaintiff's complaint within 60 days of this order.

Dated at Milwaukee, Wisconsin this 6th day of December, 2021.

        s/Lynn Adelman_____
        LYNN ADELMAN
        United States District Judge

---

544 F.3d at 742. *See Aguirre v. Witek*, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (citing *Doss v. Gilkey,* 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).